UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|

| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* |
|---|---|

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [11]; AND DENYING DEFENDANTS' MOTION TO DISMISS [10]

## I.   Introduction

Before the Court are Plaintiff Efren Gonzales's motion to remand and Defendants TEAM Industrial Services, Inc. ("TEAM") and David McCain's (collectively, "Defendants") motion to dismiss Plaintiff's intentional infliction of emotional distress claim. ECF Nos. 10, 11. For the following reasons, Plaintiff's motion to remand is GRANTED and Defendants' motion to dismiss is DENIED.

## II.   Background

Plaintiff Efren Gonzales started working for Defendant TEAM as an NDT Level II Technician in February 2020. Compl. ¶ 6, ECF No. 1-2. In early to mid-April 2024, Plaintiff used nonpsychoactive cannabis recreationally, on his own time, and away from the workplace. *Id.* ¶ 7. In late April, Plaintiff tested positive for cannabis. *Id.* ¶ 6. Although he explained to his supervisors and managers that he had not used the cannabis for two weeks and that he had only done so recreationally, he was nonetheless terminated based on his positive test. *Id.*

:

Initials of Preparer   DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|

| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* |
|---|---|

On March 14, 2025, Plaintiff brought various employment claims against TEAM and an individual named David McCain in California state court. ECF No. 1-2. Against TEAM, he asserted claims of discrimination under FEHA, failure to take reasonable steps against discrimination in violation of Cal. Gov. Code § 12940, intentional infliction of emotional distress, and wrongful termination. *See* Compl. at 3-10. Against David McCain, Plaintiff brought only one claim: intentional infliction of emotional distress. *See id.* at 7-8.

Defendants removed the case to this Court on May 21, 2025. ECF No. 1. They then moved to dismiss the case on May 28, 2025. ECF No. 10. Plaintiff moved to remand on June 18, 2025. ECF No. 11.

**III.   Legal Standard**

    **A.  Remand**

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is (1) complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997). Accordingly, there is a strong presumption against removal jurisdiction that results in the defendant shouldering the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). The burden includes "actually proving

|  | : |  |
|---|---|---|
|  | Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|
| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* | | |

the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 567. (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

**B. 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 U.S. at 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v.*

|  | : |  |
|---|---|---|
| Initials of Preparer | | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|
| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* | | |

*United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### IV.   Discussion

#### A.   Remand

##### i.   Fraudulent Joinder

TEAM removed this case by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1. Diversity jurisdiction requires that the removing party demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)-(a)(1).

The parties do not dispute that the amount in controversy exceeds $75,000. So jurisdiction turns on the question of complete diversity. For there to be complete diversity, "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Here, the parties do not dispute that Plaintiff is a citizen of California, Defendant TEAM is a citizen of Texas, and Defendant David McCain is a citizen of California. *See* Compl. ¶¶ 2-4. Accordingly, assuming all three defendants were properly named, there is no complete diversity in this case—both Plaintiff and McCain are citizens of California.

But this facial lack of diversity does not end the Court's analysis. This is because "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548. That is exactly what TEAM contends here: that McCain is a fraudulently joined defendant such that his California citizenship does not undermine complete diversity.

:

Initials of Preparer         DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|

| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* |
|---|---|

The Court thus turns to the question central to Plaintiff's remand motion: is McCain a fraudulently joined defendant? "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability to establish a cause of action against the non-diverse party in state court." *Id.* at 548. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). To make this showing, "[t]he defendant seeking removal to federal court is entitled to present facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

TEAM argues that McCain is fraudulently joined under the second prong: that Plaintiff cannot establish a cause of action against him. Making this showing requires proving "that an individual joined in the action cannot be liable on any theory." *Grancare, LLC*, 889 F.3d at 548. "[I]f there is [even] a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* (emphasis in original). Indeed, the inability to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). These high standards reflect the principle that "a defendant invoking federal diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC*, 889 F.3d at 548. (quotations omitted) (cleaned up).

### a. Plaintiff's fails to state a claim for IIED

To satisfy the federal plausibility standard, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 557 U.S. at 678. Plaintiff's complaint does not even come close—not a single allegation relates specifically to McCain.

Even if the Court considered Plaintiff's allegations that reference to "Defendants" as encompassing McCain, the allegations are still insufficient. Plaintiff alleges that the "aforementioned acts

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|

| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* |
|---|---|

of Defendants, as set forth full above [in the Complaint], were extreme, outrageous, and intended to cause Plaintiff severe emotional distress." Compl. ¶ 32. These allegations, however, are merely "a formulaic recitation of the elements" of intentional infliction of emotional distress, and thus are too conclusory to satisfy the federal pleading standard. *See Iqbal*, 556 U.S. at 678.

Moreover, Plaintiff's IIED claim suffers from a more basic defect: it is based entirely on TEAM's decision to fire him for recreational cannabis use. Compl. ¶¶ 6–8. But terminating an employee is a classic example of a "personnel management action." And under California law, "[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64–65, 80 (1996).

The California Court of Appeal's decision in *Janken* is directly on point. There, the plaintiffs alleged that they suffered adverse employment actions based on age discrimination and brought IIED claims against their employer. *Id.* at 61. The court rejected those claims, reasoning that even if the alleged conduct was discriminatory, it still amounted to personnel management—which, standing alone, is not "outrageous conduct beyond the bounds of human decency" as required for an IIED claim. *Id.* at 80.

Plaintiff's reliance on *Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75 (2017), does not change this outcome. In *Light*, the plaintiff brought claims under FEHA for retaliation, harassment, and discrimination, along with a claim for IIED. *Id.* at 97. One of the defendants moved for summary judgment on the IIED claim, arguing that her conduct was limited to workplace actions.

The court denied summary judgment—but not simply because the conduct violated FEHA. Instead, the court emphasized that an IIED claim may proceed only where the conduct "violates FEHA ***and also*** satisfies the elements of [the IIED] claim." *Id.* at 101. The plaintiff did both in *Light*. The plaintiff alleged that her supervisor "ostracized [her] in the workplace, encouraged [her] to lie to investigators, pursued [her] at home and in the office to determine whether [she] did so, and verbally and physically attacked [her] after [she] disobeyed." *Id.* at 102. The court found that a jury could view that conduct as extreme and outrageous.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|
| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* | | |

Crucially, however, *Light* did not overturn *Janken* or its core holding. To the contrary, *Light* reaffirmed it, noting that "[a] retaliatory motive alone is insufficient to sustain a claim for intentional infliction of emotional distress." *Id.* at 101–02.

This distinction is underscored by *Light*'s own outcome. The court upheld summary judgment for a second defendant, Dolinar, whose alleged conduct included ignoring the plaintiff's complaints, supporting her supervisor's retaliatory conduct, denying promised training, and changing her work location. *Id.* at 102. Despite these actions, the court found they amounted to "common—though ultimately misguided—supervisory actions" and affirmed summary judgment in her favor, citing *Janken*. *Id.*

In short, *Light* does not hold that any FEHA violation is enough to support an IIED claim. It reaffirms that personnel management decisions, even if improperly motivated, do not qualify as "outrageous" conduct unless they go far beyond the ordinary scope of workplace supervision. Plaintiff's allegations here do not meet that standard. *See Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002) ("Terminating an employee for improper discriminatory reasons, like many adverse personnel management decisions, is insufficiently extreme or outrageous to give rise to a claim for intentional infliction of emotional distress."); *Bartalini v. Blockbuster Entm't, Inc.*, No. 98-cv-3943, 1999 WL 1012383, at *10 (N.D. Cal. Nov. 8, 1999) ("[C]ourts have generally refused to extend liability for emotional distress to terminations based on discriminatory motivations unless accompanied by aggravating factors, such as racial or ethnic slurs."); *cf. Kovalenko v. Kirkland & Ellis LLP*, No. 22-cv-05990, 2023 WL 5444728, at *12 (N.D. Cal. Aug. 23, 2023) (upholding IIED claims based on FEHA violations where the plaintiff "allege[d] more than just 'personnel management activity.' Instead, she allege[d] that Defendants deliberately falsified performance reviews . . . to create a fabricated justification for termination"); *Shanks v. L-3 Commc'ns Vertex Aerospace LLC*, No. 19-cv-0631, 2019 WL 5389892, at *5 (C.D. Cal. Oct. 21, 2019) (upholding IIED claims based on FEHA claims where the plaintiff alleged that "individual defendants scowled and made faces while staring or gesturing at [the plaintiff] and made humiliating comments that were directly related to [the plaintiff's] disability. This was done in front of [the plaintiff's] coworkers to embarrass, humiliate, and cause [the plaintiff] to suffer anxiety.").

:

Initials of Preparer      DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|

| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* | | |
|---|---|---|---|

### b. Even though Plaintiff's claims against McCain are deficient, they do not constitute fraudulent joinder.

TEAM fails to establish that McCain is a fraudulent defendant. Yes, as explained above, Plaintiff's IIED claim against McCain does not satisfy the 12(b)(6) standard. But the question for the Court is not whether Plaintiff ***has*** sufficiently stated a claim for FEHA harassment or IIED—it is whether it is ***possible*** that Plaintiff ***could*** state such a claim. *See Grancare*, 889 F.3d at 548 ("[I]f there is a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Indeed, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Id.* at 549. Rather, "the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. *Id.* (quotations omitted). Accordingly, even "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." *Id.* at 550. The district court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.*

TEAM, who bears the burden of proof on this issue, provides no reason why Plaintiff would not be able to cure his claims against McCain through amendment. Rather, TEAM focuses its briefing on Plaintiff's failure to state a claim against McCain. But this is not a motion to dismiss. It is a fraudulent joinder inquiry. TEAM, not Plaintiff, "bears [the] heavy burden" of rebutting the "general presumption against finding fraudulent joinder." *Id.*

Plaintiff could easily cure the deficiencies in his claim through amendment in state court. He could allege that, in addition to terminating him for a discriminatory reason, McCain verbally harassed him during the termination process. As long as those allegations of harassment were sufficiently extreme and outrageous to state a claim for IIED, Plaintiff's claim would survive, as "the conduct issue [would] violate[] FEHA ***and also*** satisf[y] the elements of [IIED]." *Light*, 14 Cal. App. 5th at 101 (emphasis added).

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|

| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* |
|---|---|

Plaintiff would certainly be granted leave to make these amendments. "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Allegations that McCain harassed Plaintiff fall into this bucket. A new allegation that McCain harassed Plaintiff during the process of terminating his employment is consistent with the existing allegation that McCain terminated Plaintiff's employment for discriminatory reasons—there is nothing contradictory about the two theories of misconduct. In fact, discriminatory terminations are often accompanied by unlawful harassment. *See Shanks*, 2019 WL 5389892, at *2 (alleging that his employer both harassed him and terminated his employment for improper reasons).

Moreover, contrary to TEAM's argument, if Plaintiff amended his complaint to include claims of harassment, his claims would not be barred by the Workers' Compensation Act. To be sure, the "general rule in California is that, where an employee states a cause of action for either physical or emotional injury arising from termination, that claim is governed exclusively by the provisions of California's workers' compensation system." *Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 870 (N.D. Cal. 1992) (citing *Cole v. Fair Oaks Fire Protect. Dist.*, 729 P.2d 743 (Cal. 1987)).

But, as an exception to this general rule, "claims of infliction of emotional distress based on [FEHA] discrimination and retaliation are not subject to workers' compensation exclusivity." *Light*, 14 Cal. App. 5th at 101. Plaintiff brings just that: FEHA discrimination claims. Moreover, if Plaintiff amended his complaint to add allegations of harassment or retaliation that would bring his claims outside the scope of "personnel management decisions," then his claims would fall even further beyond the scope of workers' compensation preemption. *See id.* at 102 (denying summary judgment on an IIED claim related to employment activity where the defendant harassed the plaintiff in the workplace).

Accordingly, were a California court to evaluate this case, it would not find that there was no "possibility" that Plaintiff could state a claim against McCain. Rather, it would provide Plaintiff the

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|
| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* | | |

opportunity to amend his complaint—an implicit acknowledgment that such a possibility exists. And while it is certainly possible those amendments would not bear fruit, that his claims may ultimately fail does not mean that, as a matter of law, it is "obvious according to the well-settled rules" of California that Plaintiff cannot possibly state a claim against McCain. *See Grancare, LLC*, 889 F.3d at 549.

In short, while Plaintiff's claims may fail to state a claim, TEAM fails to bring evidence that deficiencies could not be cured through amendment. Under these circumstances, a finding of fraudulent joinder is improper. *Barringer v. Wal-Mart Stores, Inc.*, No. 22-cv-01396, 2022 W 4356106, at *3 (C.D. Cal. Sept. 19, 2022) ("[C]ourts in this district have [correctly] given significant leeway to plaintiffs whose pleadings did not explicitly tie their emotional distress claims to conduct beyond the normal employment relationships where courts concluded it was possible that the plaintiffs could amend their pleadings to make that connection."); *see also De Peralta v. Fox Rest. Concepts, LLC*, No. 17-cv-7740, 2018 WL 748287, at *5 (C.D. Cal. Feb. 6, 2018) (finding no fraudulent joinder where the plaintiff's IIED claim was based only on "adverse employment actions" because "Plaintiff could cure the insufficiencies of his complaint through amendment"); *Burris v. AT&T Wireless, Inc.*, No. 06-cv-02904, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006) (granting remand even though the plaintiff had "not alleged conduct which may be considered extreme or outrageous" because the defendant had "not demonstrated that, under California law, [the plaintiff] would not be afforded leave to amend his complaint to cure this purported deficiency.").

Because the Court finds no fraudulent joinder, there is not complete diversity in this case, as both Plaintiff and McCain are California citizens. Without complete diversity, there is no diversity jurisdiction, meaning the Court must remand the case.

### ii. Service

TEAM also argues that removal was appropriate because, at the time of removal, Plaintiff had not yet served McCain. Not so.

|  | : |  |
|---|---|---|
|  | Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|

| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* |
|---|---|

"Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). Put simply, "service has no bearing on whether complete diversity exists." *Terell v. Morgan Truck Body, LLC*, No. 5:24-cv-00824-SB, 2024 WL 2846721, at *1 (C.D. Cal. June 5, 2024) (rejecting the defendant's argument that a defendant's citizenship could be disregarded because they were not served at the time of removal).

TEAM's reliance on the text of 28 U.S.C. § 1441(b)(2), often referred to as the "forum-defendant rule," is misguided. That statute provides that: "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2).

But this section only applies to a "civil action ***otherwise removable*** solely on the basis of [diversity jurisdiction]." *Id.* (emphasis added). This action is not otherwise removable. There is no complete diversity in this case—McCain and Plaintiff are both California citizens. Section 1441(b)(2) therefore does not apply to this case. TEAM cannot use it as a backdoor to diversity jurisdiction. *See Terell*, 2024 WL 2846721, at *1 (rejecting an identical argument and noting that the "forum-defendant rule is relevant only when there is original jurisdiction ***and*** the non-served defendant is a citizen of the forum state. Properly understood, this rule thus serves as a limitation on removal rather than as an expansion of diversity jurisdiction").

### B. Motion to Dismiss

Because the Court is granting Plaintiff's motion to remand, it need not consider Defendants' motion to dismiss.

:

Initials of Preparer    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-04572-SVW-MAA | Date | August 7, 2025 |
|---|---|---|---|
| Title | *Efren Gonzales v. Team Industrial Services, Inc. et al.* | | |

**V.     Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand. Defendants' motion to dismiss is DENIED as moot.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DT |